Opinion issued June 7, 2007 







 



In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-06-00543-CR

____________


JAYSON SLAYMAKER , Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 23rd Judicial District Court 

Brazoria County, Texas

Trial Court Cause No. 49879






MEMORANDUM OPINION

 Appellant, Jayson Slaymaker, was convicted by a jury of the offense of assualt
on a public servant. After a punishment hearing, at which appellant pleaded true to 
to two enhancement paragraphs, the jury assessed punishment at confinement for 70
years. We affirm.

 Appellant's counsel on appeal has filed a brief stating that the record presents
no reversible error, that the appeal is without merit and is frivolous, and that the
appeal must be dismissed or affirmed. See Anders v. California, 386 U.S. 738, 87
S.Ct. 1396, (1967). The brief meets the requirements of Anders by presenting a
professional evaluation of the record and detailing why there are no arguable grounds
for reversal. Id. at 744, 87 S.Ct. at 1400; see also High v. State, 573 S.W.2d 807, 810
(Tex. Crim. App.1978). 

 Counsel represents that she has served a copy of the brief on appellant. 
Counsel also advised appellant of her right to examine the appellate record and file
a pro se brief. See Stafford v. State, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). 
More than 30 days have passed, and appellant has not filed a pro se brief. Having
reviewed the record and counsel's brief, we agree that the appeal is frivolous and
without merit and that there is no reversible error. See Bledsoe v. State, 178 S.W.3d
824, 826-27(Tex. Crim. App. 2005). 

 We affirm the judgment of the trial court and grant counsel's motion to
withdraw. (1) 

 We deny any pending motions as moot.

 PER CURIAM

Panel consists of Justices Taft, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).









 
1. Appointed counsel still has a duty to inform appellant of the result of this appeal and
that she may, on her own, pursue discretionary review in the Texas Court of Criminal
Appeals. See Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).